```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                              Case No. 18-04529-JJT
Michael C Boyle                                                     Chapter 13
         Debtor               CERTIFICATE OF NOTICE

District/off: 0314-5          User: LyndseyPr             Page 1 of 2          Date Rcvd: Jan 16, 2019
                              Form ID: pdf002             Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2019.
```
db              +Michael C Boyle,    1778 Newton Ransom Blvd.,     Clarks Summit, PA 18411-9677
5146940         +BSI Financial Services,    1425 Greenway Drive, #400,    Irving, TX 75038-2480
5123774          BSI Financial Services,    PO Box 679002,    Dallas, TX 75267-9002
5123773         +Berkheimer,    PO Box 25148,    Lehigh Valley, PA 18002-5148
5123777        ++CREDIT ACCEPTANCE CORPORATION,     25505 WEST 12 MILE ROAD,     SOUTHFIELD MI 48034-8316
                 (address filed with court:  Credit Acceptance Corporation,     25505 W 12 Mile Road,
                   Southfield, MI 48034-1846)
5123775          Capital One Bank,    c/o Weltman, Weinberg & Reis,     1400 Koppers Bldg, 436 Seventh Ave.,
                   Pittsburgh, PA 15219
5144057          Directv, LLC,    by American InfoSource as agent,     PO Box 5008,    Carol Stream, IL  60197-5008
5123780         +Medical Data Systems,    2001 9th Avenue, Ste. 312,     Vero Beach, FL 32960-6413
5123782         +Midland Funding, LLC,    c/o Mann Bracken, LLP,     4660 Trindle Road, Ste. 300,
                   Camp Hill, PA 17011-5610
5123783          National Bond Collection,    PO Box 1381,    Wilkes Barre, PA 18703-1381
5123786        ++TOYOTA MOTOR CREDIT CORPORATION,     PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                 (address filed with court:  Toyota Financial Services,     PO Box 5855,
                   Carol Stream, IL 60197-5855)
5144378         +Toyota Motor Credit Corporation,     PO Box 9013,    Addison, Texas 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5123776         +E-mail/PDF: gecsedi@recoverycorp.com Jan 17 2019 06:54:45      Care Credit,    PO Box 965036,
                   Orlando, FL 32896-5036
5123778         +E-mail/PDF: creditonebknotifications@resurgent.com Jan 16 2019 19:49:38       Credit One Bank,
                   PO Box 98873,    Las Vegas, NV 89193-8873
5123779          E-mail/Text: cio.bncmail@irs.gov Jan 16 2019 19:47:25      Internal Revenue Service,
                   PO Box 21126,    Philadelphia, PA 19114-0326
5144585          E-mail/PDF: resurgentbknotifications@resurgent.com Jan 16 2019 19:49:41       LVNV Funding, LLC,
                   Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5144584          E-mail/Text: bkr@cardworks.com Jan 16 2019 19:47:11      MERRICK BANK,
                   Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5123781         +E-mail/Text: bkr@cardworks.com Jan 16 2019 19:47:11      Merrick Bank,    PO Box 9201,
                   Old Bethpage, NY 11804-9001
5147056          E-mail/PDF: cbp@onemainfinancial.com Jan 16 2019 19:49:30      ONEMAIN,    PO BOX 3251,
                   EVANSVILLE, IN,    47731-3251
5123784         +E-mail/PDF: cbp@onemainfinancial.com Jan 16 2019 19:50:10      OneMain,    PO Box 1010,
                   Evansville, IN 47706-1010
5144046          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2019 19:50:16
                   Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5124586         +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2019 19:49:56
                   PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5123785         +E-mail/Text: Supportservices@receivablesperformance.com Jan 16 2019 19:48:24
                   Receivables Performance,    20816 44th Ave West,    Lynnwood, WA 98036-7744
5123787         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jan 16 2019 19:47:12
                   Verizon,    500 Technology Drive, Ste. 300,    Saint Charles, MO 63304-2225
5143434          E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 16 2019 19:50:04       Verizon,
                   by American InfoSource as agent,    PO Box 248838,    Oklahoma City, OK  73124-8838
                                                                                               TOTAL: 13

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2019                              Signature:   /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 16, 2019 at the address(es) listed below:

        Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
        James  Warmbrodt    on behalf of Creditor    NYMT Loan Trust 2014-RP1 bkgroup@kmllawgroup.com
        Mark J. Conway    on behalf of Debtor 1 Michael C Boyle info@mjconwaylaw.com,
         connie@mjconwaylaw.com;mjc@mjconwaylaw.com
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov

        TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MICHAEL C. BOYLE

Debtor

CHAPTER 13

CASE NO. 5-18-04529-JJT

☒ ORIGINAL PLAN
☐ THE AMENDED PLAN

**NO** Motions to Avoid Liens
**NO** Motions to Value Collateral

# CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. PLAN FUNDING AND LENGTH OF PLAN.

   **A. Plan Payments From Future Income**

   1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall

make conduit payments through the Trustee as set forth below. The total base plan is $34,275.57, plus other payments and property stated in § 1B below:

| Start Mm/yyyy | End Mm/yyyy | Plan Payment | Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/2019 | 12/2023 | 571.26 | | 571.26 | 34275.57 |
| | | | | | |
| | | | | | |
| | | | | **Total Payments** | **$34,275.57** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is ____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)
*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2. SECURED CLAIMS**

A. **Pre-Confirmation Distributions.** *Check one.*

☒ None. *If none is checked the rest of §2.A need not be competed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last 4 Digits of Account Number |
|---|---|---|
| BSI Financial Services | Residence - 1778 Newton Ransom Blvd., Clarks Summit PA 18411 | 2109 |
|  |  |  |
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| BSI Financial Services | Residence - 1778 Newton Ransom Blvd., Clarks Summit PA 18411 | $8,993.94 |  | $8,993.94 |
|  |  |  |  |  |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Credit Acceptance Corporation | 2009 Subaru | $5,953.28 | % | $470.54 |
| Toyota Financial Services | 2017 Toyota Camry | $24,691.21 | % | $1,774.80 |
| | | | % | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $4,310.00 already paid by the Debtor, the amount of $2,810.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$16,462.33** |
| **Berkheimer** | **$648.00** |
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

- 

Dated: 12/11/2018                                    /s/ Mark J. Conway
                                                     Attorney for Debtor

                                                     /s/
                                                     Michael C. Boyle

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.