Fill in this information to identify the case:

Debtor 1   Michael C. Boyle

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: <u>Middle</u> District of <u>PA</u>

Case number   <u>18-04529 HWV</u>

Form 4100R

# Response to Notice of Final Cure Payment     10/15

**According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.**

## Part 1: Mortgage Information

| | | | |
|---|---|---|---|
| **Name of Creditor:** | Wilmington Savings Fund Society, FSB not individually, but solely as Trustee for Residential Mortgage Aggregation Trust | **Court claim no.** (if known): | 10 |

**Last 4 digits** of any number you use to identify the debtor's account:   7530

**Property address:**

1778 Newton Ransom B
Clarks Summit, PA 18411

## Part 2: Prepetition Default Payments

*Check one:*

☒ Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim.

☐ Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of the date of this response is:     $ _____

## Part 3: Postpetition Mortgage Payment

*Check one:*

☒ Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

The next postpetition payment from the debtor(s) is due on:     02 / 01 / 2024

☐ Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of the date of this response is:
a.  Total postpetition ongoing payments due:                                                        (a)   $ _____

b.  Total fees, charges, expenses, escrow, and costs outstanding:                       + (b)   $ _____

c.  **Total.** Add lines a and b.                                                                                 (c)   $ _____

Creditor asserts that the debtor(s) are contractually obligated for
the postpetition payment(s) that first became due on:

Form 4100R                    Response to Notice of Final Cure Payment                    page 1

Case 5:18-bk-04529-HWV   Doc 112   Filed 02/13/24   Entered 02/13/24 15:04:40   Desc
Document ID: d4a4280a826d9d744ac29271fd97717fdd8f4ce55bfb7fb40eb809f14845ff4cb
Main Document   Page 1 of 3

## Part 4: Itemized Payment History

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges, expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

- all payments received;
- all fees, costs, escrow, and expenses assessed to the mortgage; and
- all amounts the creditor contends remain unpaid.

## Part 5: Sign Here

**The person completing this response must sign it. The response must be filed as a supplement to the creditor's proof of claim.**

*Check the appropriate box::*

☐ I am the creditor.
☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

x /s/ *Michael Farrington*   Date   02/13/2024
Michael Farrington
13 Feb 2024, 11:20:00, EST

KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 16106
215-627-1322
bkgroup@kmllawgroup.com
Attorney for Creditor

Form 4100R            Response to Notice of Final Cure Payment            page 2

Case 5:18-bk-04529-HWV   Doc 112   Filed 02/13/24   Entered 02/13/24 15:04:40   Desc
Document ID: d4a4280a826d9d744ac29271fd97717fdd8f4ce55bfb7fb40eb809f4845ff4cb
Main Document      Page 2 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Michael C. Boyle<br>**Debtor(s)**<br><br>**Wilmington Savings Fund Society, FSB not individually, but solely as Trustee for Residential Mortgage Aggregation Trust**<br>**Movant**<br><br>vs.<br><br>Michael C. Boyle<br>**Debtor(s)**<br><br>**Jack N. Zaharopoulos**,<br>**Trustee** | BK NO. 18-04529 HWV<br><br>Chapter 13<br><br>Related to Claim No. 10 |

## CERTIFICATE OF SERVICE
## RESPONSE TO NOTICE OF FINAL CURE MORTGAGE PAYMENT

I, Michael P. Farrington of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on <u>February 13, 2024</u>, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below:

<u>Debtor(s)</u>
Michael C. Boyle
1778 Newton Ransom Boulevard
Clarks Summit, PA 18411

<u>Attorney for Debtor(s) (via ECF)</u>
Carlo Sabatini, Esq.
Sabatini Law Firm, LLC
216 North Blakely Street
Dunmore, PA 18512

<u>Trustee (via ECF)</u>
Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive
Hummelstown, PA 17036

Method of Service: electronic means or first-class mail.

Dated: <u>February 13, 2024</u>

*/s/ Michael P. Farrington*
Michael P. Farrington Esq.
Attorney I.D. 329636
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106
(215) 825-6488
mfarrington@kmllawgroup.com